IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

SHAWNTEL BREED, INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE OF DUSTIN §
KEITH JONES, DECEASED, AND AS NEXT §
FRIEND OF DJ AND CJ, MINOR CHILDREN §
§
Plaintiff §
§           CIVIL ACTION NO: 1:15-cv-190
§
V. §
§           JURY DEMANDED
CITY OF KIRBYVILLE, CHIEF PAUL BRISTER, §
AND OFFICER JOSH HANCOCK OF THE CITY §
OF KIRBYVILLE POLICE DEPARTMENT, §
INDIVIDUALLY, AND IN THEIR OFFICIAL §
CAPACITIES §
§
Defendants. §
§

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

Plaintiff, SHAWNTEL BREED, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF

DUSTIN KEITH JONES, DECEASED, AND AS NEXT FRIEND OF DJ AND CJ, MINOR CHILDREN,

hereinafter referred to as Plaintiff, complaining of the CITY OF KIRBYVILLE, CHIEF PAUL BRISTER, AND

OFFICER JOSH HANCOCK OF THE CITY OF KIRBYVILLE POLICE DEPARTMENT, INDIVIDUALLY, AND

IN THEIR OFFICIAL CAPACITY, hereinafter referred to as Defendants, and for cause of action, Plaintiff would

respectfully show the Court the following:

### I.
### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983.

2.      Venue is proper in the Eastern District of Texas as that is where a substantial part of the

events or omissions giving rise to the claims brought herein occurred.

-1-

## II.
## THE PARTIES

3.      Plaintiff, SHAWNTEL BREED, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DUSTIN KEITH JONES, DECEASED, AND AS NEXT FRIEND OF DJ AND CJ, MINOR CHILDREN ("Plaintiff"), is a citizen of the United States and the State of Texas and resides in Jefferson County, Texas.

4.      Defendant, CITY OF KIRBYVILLE, TEXAS (the "City of Kirbyville"), is a home rule municipality situated in Jasper County, Texas with its principal place of government located in Jasper County, Texas.  This Defendant has been properly served, answered and made appearance herein.  A copy of this document is being forwarded to its attorney of record.

5.      Defendant, CHIEF PAUL BRISTER ("Chief Brister"), is employed as a police chief with the City of Kirbyville Police Department.  This Defendant has been properly served, answered and made appearance herein.  A copy of this document is being forwarded to his attorney of record.

6.      Defendant, OFFICER JOSH HANCOCK ("Officer Hancock"), is employed as a police officer with the City of Kirbyville Police Department.  This Defendant has been properly served, answered and made appearance herein.  A copy of this document is being forwarded to his attorney of record.

## III.
## FACTUAL BACKGROUND

7.      On or about May 14, 2013, CHIEF BRISTER and OFFICER HANCOCK went to a residence located on MLK to attempt to serve a warrant upon DUSTIN KEITH JONES.  DUSTIN KEITH JONES attempted to evade the officers but was later detained.  During his detainment, DUSTIN KEITH JONES was struck on his head and shoulders with an SL20 flashlight.  DUSTIN KEITH JONES was then placed in a chokehold by CHIEF BRISTER.  CHIEF BRISTER proceeded to lock his legs around DUSTIN KEITH JONES and OFFICER HANCOCK laid on top of DUSTIN KEITH JONES and held his arms out to

his side.  During the course of CHIEF BRISTER chokehold, and while HANCOCK remained on top of him, DUSTIN KEITH JONES became nonresponsive.  Despite Plaintiff's lack of movement and responsiveness the Defendant did not release the chokehold, nor did OFFICER HANCOCK release his hands and/or get off of DUSTIN KEITH JONES.  DUSTIN KEITH JONES died due to asphyxiation as a result of the combined actions of Defendants CHIEF BRISTER AND OFFICER HANCOCK.  CHIEF BRISTER, who placed DUSTIN KEITH JONES in the chokehold, is a policymaker as well as an authorized decision-maker within the Kirbyville Police Department.  During the course of this incident, CHIEF BRISTER: (1) placed a chokehold on the Plaintiff for an excessive amount of time, (2) did not check or assess the victim's well-being while applying an inherently dangerous maneuver, (3) did not designate/ask another officer to check/assess the well-being of the victim while applying an inherently dangerous maneuver, and (4) did not release the dangerous maneuver once the Plaintiff had become nonresponsive, and even continued the chokehold past that point.  During the course of this incident, OFFICER HANCOCK, laid his body weight across JONES, while holding his arms out, as CHIEF BRISTER maintained a chokehold.  OFFICER HANCOCK continued to lie across JONES and restrain him for an excessive amount of time, and continued to pass the point where JONES was no longer responsive.  Further, prior to this incident, there were several reported harmful incidents of excessive force against individuals by Kirbyville Police officers.

## IV.
## CAUSE OF ACTION: VIOLATION OF
## 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

8.     Plaintiff repeats and realleges paragraphs 1 to 8, inclusive, of this claim, as though fully set forth herein.

9.     Chief Brister and Officer Hancock as police officers of the City of Kirbyville Police Department were acting under the color of state law at the time of this incident.  Their conduct on or about May 14, 2013, violated Dustin Jones' rights under the Fourth and Fourteenth Amendments of the United

States Constitution which protects individuals from the arbitrary exercise of the government's power and unreasonable seizures of a person.  Dustin Jones received fatal injuries that directly and solely resulted from the force inflicted upon him which was excessive to the need and objectively unreasonable in violation of 42 U.S.C. § 1983.

10.     Dustin Jones had the established rights at the time of the incident to be free from excessive force, and to be free from the deprivation of liberty and life without due process, and such rights were violated.

11.     All of the above acts, wrongs, and/or omissions, as well as various other acts, wrongs, and/or omissions on the part of the Chief/Officer/Defendants were each a proximate cause of the resulting damages and injuries, including death, suffered by Dustin Jones.

## V.
## CAUSE OF ACTION: MUNICIPAL/SUPERVISORY
## LIABILTY AGAINST THE CITY OF KIRBYVILLE

12.     Plaintiff repeats and realleges paragraphs 1 to 12, inclusive, of this claim, as though fully set forth herein.

13.     It is also well-established that municipalities are liable under 42 U.S.C. § 1983 for constitutional violations that are in compliance with the municipality's customs, practices, policies or procedures.  A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels.  In this case, the City of Kirbyville is liable because it sanctioned the custom, practice and/or policy or procedure of excessive force.  Defendants, BRISTER'S and HANCOCK'S, actions were a customary practice and/or policy or procedure that was sanctioned by the City of Kirbyville out of which deprived Dustin Jones of his civil rights by statute and by United States Constitution.  Liability for the City of Kirbyville is established under § 1983 because the assault and beating of citizens, with little, or no

justification, is a persistent and widespread practice of city employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy.  The City of Kirbyville has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of police officers assaulting citizens establishes custom and accession to that custom by the City's policy makers. The City of Kirbyville's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. Further, the actions and decisions by Defendant CHIEF BRISTER, a policymaker, constitutes a policy for which the City may be held liable, as such decisions/actions are the sole and proximate cause of Plaintiff's untimely death.

14.     Moreover, the City of Kirbyville is liable for inadequate training and screening of police officers under § 1983.  Liability attaches to the City of Kirbyville because the City's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact.  In particular, Plaintiff alleges that the training program in relation to the tasks a particular officer must perform is inadequate in the respect that the program fails to teach new police persons that assaulting or beating citizens violates citizens' constitutional rights.   As such, the deficiency in training actually caused Defendants to violate Dustin Jones' constitutional rights.

15.     In the alternative, the City of Kirbyville is liable under § 1983 for failure to adopt a policy precluding officers from assaulting and beating citizens because such failure to adopt such a policy is one of intentional choice.

16.     In the alternative, the City of Kirbyville is liable for ratification of such actions.

## VI.
## <u>JURY REQUEST</u>

17.     Plaintiff requests a jury trial.

## VII.
## <u>DAMAGES</u>

18.     Plaintiff, SHAWNTEL BREED, is the surviving spouse of DUSTIN KEITH JONES,

DECEASED.  She is entitled to recover, and hereby sues for the following elements of damages:

a.     Mental anguish sustained in the past as a result of the death of her husband;

b.     Mental anguish which, in reasonable probability, she will sustain in the future as a result of the death of her husband;

c.     Loss of companionship and society sustained in the past as a result of the death of her husband;

d.     Loss of companionship and society which, in reasonable probability, she will sustain in the future as a result of the death of her husband;

e.     Pecuniary loss sustained in the past as a result of the death of her husband;

f.     Pecuniary loss which, in reasonable probability, she will sustain in the future as a result of the death of her husband;

g.     Loss of consortium;

h.     Loss of inheritance and/or loss of addition to the Estate of Dustin Keith Jones sustained in the past as a result of the death of her husband;

i.     Loss of inheritance and/or loss of addition to the Estate of Dustin Keith Jones which, in reasonable probability, she will sustain in the future as a result of the death of her husband;

j.     Attorney fees; and

k.     Costs of suit.

19.     Plaintiff, DJ AND CJ, the children of DUSTIN KEITH JONES, DECEASED, are entitled to

recover, and hereby sue for the following elements of damages:

-6-

a.      Mental anguish sustained in the past as a result of the death of their father;

b.      Mental anguish which, in reasonable probability, they will sustain in the future as a result of the death of their father;

c.      Loss of companionship and society sustained in the past as a result of the death of their father;

d.      Loss of companionship and society which, in reasonable probability, they will sustain in the future as a result of the death of their father;

e.      Pecuniary loss sustained in the past as a result of the death of their father; and

f.      Pecuniary loss which, in reasonable probability, they will sustain in the future as a result of the death of their father.

20.      Plaintiff, SHAWNTEL BREED, AS REPRESENTATIVE OF THE ESTATE OF DUSTIN KEITH JONES, DECEASED, would further show that said Estate is entitled to recover, and hereby sues for the following elements of damages:

a.      Physical pain and mental anguish sustained by DUSTIN KEITH JONES as a result of the incident in question and prior to his death;

b.      Medical expenses for the reasonable and necessary services provided for DUSTIN KEITH JONES as a result of the incident in question; and

c.      Reasonable and necessary funeral and burial expenses for the funeral and burial of DUSTIN KEITH JONES.

The above-listed elements of damages were brought to occur and were proximately caused by the gross negligence of the Defendants herein.

**VIII.**
**PRAYER**

WHEREFORE, Plaintiff SHAWNTEL BREED, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DUSTIN KEITH JONES, DECEASED, AND AS NEXT FRIEND OF DJ AND CJ, MINOR CHILDREN requests that Defendants, CITY OF KIRBYVILLE, CHIEF PAUL BRISTER, AND OFFICER JOSH HANCOCK OF THE CITY OF KIRBYVILLE POLICE DEPARTMENT, INDIVIDUALLY, AND IN THEIR

OFFICIAL CAPACITY, be cited to appear and answer herein, and that upon final hearing, Plaintiff have and recover from the Defendants for all damages as set forth herein, costs of Court, both pre-judgment and post-judgment interests at the legal rate allowed by law and all damages, and for such and other relief, general or special, legal or equitable, to which Plaintiff may show herself justly entitled to receive.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas  77704
(409) 835-6000
Telefax: (409) 813-8605

By: _____
RONNIE TURNER, JR.
State Bar No. 24075533
rturner@pulf.com
JAMES E. PAYNE
State Bar No. 00788171
jpayne@pulf.com
JENNIFER JOB
State Bar No. 24060582
jjob@pulf.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished to all counsel of record via electronic filing on this the 15th day of February, 2016.

_____
RONNIE TURNER, JR.