# EXHIBIT "E"

# TABLE OF CONTENTS

## KIRBYVILLE CODE OF ORDINANCES

page

| | | |
|---|---|---|
| **CHAPTER 1:** | **GENERAL PROVISIONS** | **1-1** |

| | | | |
|---|---|---|---|
| Article | 1.100: | Code of Ordinances | 1-3 |
| Article | 1.200: | Adoption of Title 28 | 1-7 |
| Article | 1.300: | Statutory Powers and Duties of City Council | 1-8 |
| Article | 1.400: | City Council | 1-8 |
| Article | 1.500: | Official Newspaper | 1-10 |
| Article | 1.600: | Ad Valorem Taxes | 1-10 |
| Article | 1.700: | Sales and Use Tax | 1-11 |
| Article | 1.800: | Municipal Hotel and Motel Occupancy Tax | 1-12 |
| Article | 1.900: | Emergency Management | 1-13 |
| Article | 1.1000: | Finance | 1-17 |
| Article | 1.1100: | Records Management | 1-19 |
| Article | 1.1200: | Public Library | 1-24 |
| Article | 1.1300: | Dance Held on Public Facilities | 1-25 |
| Article | 1.1400: | Notice of Claims | 1-26 |

| | | |
|---|---|---|
| **CHAPTER 2:** | **ANIMAL CONTROL** | **2-1** |

| | | | |
|---|---|---|---|
| Article | 2.100: | Livestock at Large | 2-3 |
| Article | 2.200: | Dogs | 2-4 |
| Article | 2.300: | Cats | 2-6 |
| Article | 2.400: | Dangerous Dogs | 2-6 |

| | | |
|---|---|---|
| **CHAPTER 3:** | **BUILDING & CONSTRUCTION** | **3-1** |

| | | | |
|---|---|---|---|
| Article | 3.100: | Building Permits | 3-3 |
| Article | 3.200: | Flood Damage Control | 3-6 |
| Article | 3.300: | Streets, Sidewalks and Other Public Ways | 3-17 |
| Article | 3.400: | Street Rental | 3-19 |
| Article | 3.500: | Dangerous Buildings | 3-22 |
| Article | 3.600: | Building Numbers | 3-27 |

## CHAPTER 4:   BUSINESS & COMMERCE                                    4-1

Article  4.100:   Amusements                                           4-3
Article  4.200:   Itinerant Merchants and Vendors, Peddlers
                  and Solicitors                                       4-3
Article  4.300:   Dances                                              4-7
Article  4.400:   Drilling Operations                                 4-8
Article  4.500:   Food Service                                        4-9
Article  4.600:   Sexually Oriented Busisnesses                       4-14
Article  4.700:   Coin-Operated Machines                              -4-32


## CHAPTER 5:   FIRE PROTECTION                                        5-1

Article  5.100:   Authority of Fire Chief in Case of Fire             5-3
Article  5.200:   Arson Reward                                         5-3
Article  5.300:   Use of Fire Fighting Equipment                      5-3
Article  5.400:   Fire Marshal                                         5-4


## CHAPTER 6:   HEALTH & SANITATION                                    6-1

Article  6.100:   Objectionable Businesses                            6-3
Article  6.200:   Property Maintenance Requirements                   6-3


## CHAPTER 7:   OFFENSES & NUISANCES                                   7-1

Article  7.100:   Discharge of Firearms or Fireworks in City Limits   7-3
Article  7.200:   Loitering                                           7-3
Article  7.300:   Junked Motor Vehicles                               7-4
Article  7.400:   Alcoholic Beverages Consumption                     7-6
Article  7.500:   Failure to Return Library Materials                 7-6
Article  7.600:   Noise Regulation                                    7-8


## CHAPTER 8:   PERSONNEL & ADMINISTRATION                             8-1

Article  8.100:   Residence of Appointive Officers                    8-3
Article  8.200:   Municipal Court                                     8-3
Article  8.300:   Miscellaneous Personnel Policies                    8-4
Article  8.400:   City Secretary                                      8-5
Article  8.500:   City Tax Assessor and Collector                     8-6
Article  8.600:   Chief of Police                                     8-6

**CHAPTER 8:**      **PERSONNEL & ADMINISTRATION, cont'd.**

| | | |
|---|---|---|
| Article 8.700: | Indemnification of City Officers and Employees for Legal Expenses | 8-7 |
| Article 8.800: | Texas Municipal Retirement System | 8-11 |

**CHAPTER 9:**      **SUBDIVISIONS**                                         **9-1**

| | | |
|---|---|---|
| Article 9.100: | Mobile Homes and Mobile Home Parks | 9-3 |
| Article 9.200: | Subdivision Regulation | 9-9 |

**CHAPTER 10:**     **TRAFFIC CONTROL**                                  **10-1**

| | | |
|---|---|---|
| Article 10.100: | In General | 10-3 |
| Article 10.200: | Operation of Vehicle | 10-4 |
| Article 10.300: | Standing and Parking | 10-5 |
| Article 10.400: | Use of Sidewalks | 10-6 |
| Article 10.500: | Off-Road Vehicles | 10-7 |

**CHAPTER 11:**     **UTILITIES & SOLID WASTE**                      **11-1**

| | | |
|---|---|---|
| Article 11.100: | Director of Public Utilities | 11-3 |
| Article 11.200: | Connection to Water and Sewer Required | 11-4 |
| Article 11.300: | Unclaimed Water and Sewer Deposits | 11-5 |
| Article 11.400: | Water Service | 11-6 |
| Article 11.500: | Sanitary Sewer Service | 11-12 |
| Article 11.600: | Sewer Use and Discharge Regulations | 11-13 |
| Article 11.700: | Solid Waste Disposal | 11-30 |
| Article 11.800: | Electrical Service Rates | 11-30 |
| Article 11.900: | Special Service for Housing Authority | 11-38 |

**CHAPTER 12:**     **PLANNING & ZONING**                             **12-1**

Reserved for Future Use

**APPENDICES**

| | | |
|---|---|---|
| Appendix A: | Fee Schedule | A-1 |
| Appendix B: | Ordinance Disposition Table | B-1 |

**INDEX**                                                                  **I-1**

# CHAPTER 8



# PERSONNEL & ADMINISTRATION*

| Article | 8.100: | Residence of Appointive Officers | 8-3 |
|---------|--------|----------------------------------|-----|
| Article | 8.200: | Municipal Court | 8-3 |
| Article | 8.300: | Miscellaneous Personnel Policies | 8-4 |
| Article | 8.400: | City Secretary | 8-5 |
| Article | 8.500: | City Tax Assessor and Collector | 8-6 |
| Article | 8.600: | Chief of Police | 8-6 |
| Article | 8.700: | Indemnification of City Officers and Employees for Legal Expenses | 8-7 |
| Article | 8.800: | Texas Municipal Retirement System | 8-11 |

---

* State Law reference—Authority of city council to appoint, remove and prescribe duties for any officer it deems necessary, V.T.C.A., Local Government Code, Section 26.041.

[This page intentionally left blank]

CITY OF KIRBYVILLE

AMENDMENT TO ARTICLE 8.100 CHAPTER 8 OF THE CODE OF
ORDINANCES

THAT CHAPTER 8, ARTICLE 8.100 OF THE CODE OF ORDINANCES, CITY
OF KIRBYVILLE, TEXAS IS HEREBY AMENDED TO READ AS FOLLOWS:

ARTICLE 8.100  RESIDENCE OF APPOINTIVE OFFICERS AND EMPLOYEES

IN ORDER TO CONFORM WITH THE STATUTES OF THE STATE OF TEXAS,
IT IS HEREBY PROVIDED THAT ANY APPOINTED OFFICER OR EMPLOYEE
WILL RESIDE WITHIN TWENTY MILES OF THE CITY LIMITS OF THE
CITY OF KIRBYVILLE, TEXAS, WHETHER SUCH OFFICER OR EMPLOYEE
BE APPOINTED BY THE MAYOR AND APPROVED BY THE CITY COUNCIL,
OR APPOINTED BY THE CITY COUNCIL.  ALL ORDINANCES IN CONFLICT
WITH THIS ARTICLE ARE HEREBY REPEALED.

*EMPLOYEE HANDBOOK REVISED ———————*
*SAYS EMPLOYEES MUST LIVE WITHIN A 30*
*MINUTE DRIVE NOT 20 MILES.*

PASSED AND APPROVED AUGUST 13, 1996

## ARTICLE 8.100 <u>RESIDENCE OF APPOINTIVE OFFICERS</u>

In order to conform with the Statutes of the State of Texas, it is hereby provided that any appointed officer or officeholder may reside outside the city limits of the City of Kirbyville, Texas, whether such officer be appointed by the mayor and approved by the city council, or appointed by the city council. All other ordinances in conflict with this article are hereby repealed. (Ordinance 229 adopted 8/14/84)

## ARTICLE 8.200 <u>MUNICIPAL COURT</u>*

### Sec. 8.201   Municipal Court--Created; Powers and Duties

There is hereby established a court designated as the municipal court, for the trial of misdemeanor offenses, with all such powers and duties as are now or hereafter may be prescribed by law of the state relative to municipal courts. (1980 Code of Ordinances, Chapter 2, Section 2-4)

### Sec. 8.202   Judge

The municipal court shall be presided over by a magistrate who shall be known as the judge of the court. Such magistrate may be either a layman or an attorney-at-law. The judge shall be appointed by the city council, but must receive a majority of votes from the council to be appointed, and he shall be compensated as provided by the city council. The judge of the court, as a part of his duties, also shall be the clerk of the court, unless relieved of such duties by the city council. (Ordinance 245 adopted 6/14/88)

### Sec. 8.203   City Attorney--Position Created; Qualifications; Term; Compensation as Fixed

The position of city attorney is hereby created. The city council shall appoint a citizen of the state who is duly licensed to practice law in the highest courts of the State of Texas. The city attorney shall hold his office at the pleasure of the city council and shall receive compensation as may be fixed by the city council. (1980 Code of Ordinances, Chapter 2, Section 2-8)

### Sec. 8.204   Powers and Duties

The city attorney shall possess such powers and perform such duties as provided by law and as the city council may prescribe, including the following duties:

(1) · Represent the city in all litigation and in all other legal matters.

---

* State Law reference--Municipal courts, generally, V.T.C.A., Government Code, Section 29.001.

(2)   Advise the city council, prepare ordinances and examine and prepare contracts and other legal instruments as may be required by or of the city.

(3)   Prosecute offenders and violators of city ordinances and the penal code of the state.

(1980 Code of Ordinances, Chapter 2, Section 2-9)

## ARTICLE 8.300  MISCELLANEOUS PERSONNEL POLICIES

### Sec. 8.301   Job Determination and Personnel Classification

It shall be the responsibility of the city council to determine the number of employees actually required to efficiently operate the business of the city; to draw up and place on record a salary schedule for all city personnel; list the specific responsibilities of each city employee; draw up a work schedule for all city personnel; and to publish a specific list of benefits or allowances to be provided for city personnel. (1980 Code of Ordinances, Chapter 14, Section 14-1)

### Sec. 8.302   Regular, Full Time Subordinate Officers Enumerated; Term of Office

(a)   The subordinate officers of the city shall consist of a city secretary, city treasurer, chief of police, city assessor and collector of taxes, and such other officers as the city council may deem necessary.

(b)   The officers herein mentioned shall hold office for such time as may be stated in the order appointing them, unless sooner discharged or removed by the council.

(1980 Code of Ordinances, Chapter 14, Section 14-2; Ordinance adopting Code)

### Sec. 8.303   Prescribing Other and Further Duties, Requiring Bond, Etc.

The city council shall have power from time to time to require other and further duties of all officers whose duties are herein prescribed, and to define and prescribe the powers and duties of all officers appointed or elected to any office under this chapter whose duties are not herein specially mentioned, and fix their compensation. The council may also require bonds to be given to the city by all officers for the faithful performance of their duty. The city council shall provide for filling vacancies in all offices, not herein provided for. In all cases of vacancy the same shall be filled only for the unexpired term. (1980 Code of Ordinances, Chapter 14, Section 14-3)

### Sec. 8.304   Official Oath

Every person elected or appointed by the city council or mayor to fill an office in the city shall, before entering upon the duties of such office, take and subscribe the official oath.

The city council by ordinance may require such an additional oath as it may deem best calculated to secure faithfulness in the performance of their duties by such officers. (1980 Code of Ordinances, Chapter 14, Section 14-4)

### Sec. 8.305    Officer Disqualified

Any officer who has been intrusted with the collections or custody of funds belonging to the city, who shall be in default to the city, shall thereafter be incapable of holding any office under the city, until the amount of his defaulcation shall have been fully paid to the city, with ten (10) per cent interest. (1980 Code of Ordinances, Chapter 14, Section 14-5)

### Sec. 8.306    Resignation of Officer

Resignation by any officer authorized by this chapter to be elected or appointed by the city council shall be made to the city council in writing subject to its approval and acceptance. Any appointee of the mayor may present a written resignation to that officer for action. (1980 Code of Ordinances, Chapter 14, Section 14-6)

### Sec. 8.307    Filling Vacancies Temporarily

A vacancy in any subordinate office may be filled by appointment by the mayor until the next meeting of the city council. (1980 Code of Ordinances, Chapter 14, Section 14-7)

## ARTICLE 8.400  CITY SECRETARY[*]

(a)    It shall be the duty of the city secretary to attend every meeting of the city council, and keep accurate minutes thereof in a book to be provided for that purpose, and to engross all laws, resolutions and ordinances of the city council, to keep the corporate seal, to take charge and preserve and keep in order all books, records, papers, documents and files of the city, to make all notices required under any regulation or ordinance of the city.

(b)    The city secretary shall draw all the warrants on the treasurer and countersign the same and keep an accurate account thereof in a book provided for the purpose.

(c)    The city secretary shall be the general accountant of the corporation, and shall keep in books regular accounts of the receipts and disbursements for the city, and separately, under proper heads, each cause of receipt and disbursement, and also accounts with each person including officers who have money transactions with the city, crediting accounts allowed by proper authority and specifying the particular transaction to which such entries apply.

---

[*] State Law reference--Powers and duties of city secretary, V.T.C.A., Local Government Code, Section 22.073.

(d)   The city secretary shall keep a register of bond and bills issued by the city, and all evidence of debt due and payable to it, noting the particulars thereof, and all facts connected therewith, as they occur.

(e)   The city secretary shall carefully keep all contracts made by the city council.

(f)   The city secretary shall perform all such other duties as may be required of him by law, ordinance, resolution or order of the city council.

(g)   The city secretary shall receive for his services an annual salary payable at stated periods, as the city council may allow.

(1980 Code of Ordinances, Chapter 14, Section 14-8)

(h)   The city secretary shall receive and securly keep all moneys belonging to the city, and make all payments for the same upon the order of the mayor. No order shall be paid unless said order shall show upon its face that the city council has directed its issuance, and for what purpose.

(i)   The city secretary shall render a full and correct statement of receipts and payments to the city council, at its first regular meeting in every quarter and whensoever, at other times such statements may be required.

(1980 Code of Ordinances, Chapter 14, Section 14-9)

## ARTICLE 8.500  CITY TAX ASSESSOR AND COLLECTOR

(a)   The city tax collector shall collect taxes as hereafter provided by ordinance; and shall perform all the duties incumbent upon a collector as fully set out in Articles 1044, 1045, 1046, 1057, 1058, 1059, and 1060 of the Revised Civil Statutes of Texas, 1925 (Vernon's Annotated Civil Statutes), by ordinance.

(b)   The city tax collector shall serve as city judge.

(c)   The tax collector shall give bond in the sum required by law.

(Ordinance 246 adopted 6/14/88)

## ARTICLE 8.600  CHIEF OF POLICE*

### Sec. 8.601    Duties Generally; Compensation as Fixed

(a)    The chief of police or his designated officer shall attend all meetings of the city council.

(b)    The city judge shall pay over all fines and other moneys collected for the city to the city treasurer at least once a month, and file with the city secretary a monthly statement of all fines collected, from whom collected, and the amount of each, and shall promptly pay all fees collected to the parties entitled thereto.

(c)    The chief of police shall perform such other duties and receive such compensation as provided by the council.

(1980 Code of Ordinances, Chapter 14, Section 14-11; Ordinance adopting Code)

### Sec. 8.602    Authority Generally; Additional Duties

(a)    The chief of police may appoint one or more police officers or deputies, which appointments shall only be valid upon the approval of the city council. He shall have the authority to suspend officers with or without pay for up to three days. (1980 Code of Ordinances, Chapter 14, Section 14-12; Ordinance adopting Code)

(b)    The chief of police shall, in person or by deputy, attend upon the municipal court while in session, and faithfully execute all writs and process issued from said court. The chief of police shall have like power, with the sheriff of the county, to execute warrants.

(c)    The chief of police shall be active in quelling riots, disorder and disturbance of the peace within the city, and shall take into custody all persons so offending against the peace of the city, and shall have authority to take suitable and sufficient bail for the appearance before the municipal court of any person charged with an offense against the ordinances or laws of the city. It shall be the duty of the chief of police to arrest, without warrant all violators of the public peace, and all who obstruct or interfere with such officer in the execution of the duties of such office or who shall be guilty of any disorderly conduct or any disturbance whatever. To prevent a breach of the peace or preserve quiet and good order, the chief of police shall have the authority to close any theater, ballroom or other place or building of public resort. In the prevention and suppression of crime and arrest of offenders, the chief of police shall have, possess and execute like power, authority and jurisdiction as the sheriff.

---

* **State Law reference**–Authority of city to establish police force, V.T.C.A., Local Government Code, Section 341.003; Commission on Law Enforcement Officer Standards and Education, V.T.C.A., Government Code, Sec. 415.001 et seq.

(d)    The chief of police shall possess other powers and authority as the city council may by ordinance confer, not inconsistent with the constitution and laws of this state.

(1980 Code of Ordinances, Chapter 14, Section 14-12)

## ARTICLE 8.700  INDEMNIFICATION OF CITY OFFICERS AND EMPLOYEES FOR LEGAL EXPENSES

### Sec. 8.701    Definitions

*City*. Means the City of Kirbyville, Texas.

*City Vehicle*. Means a vehicle or mobile equipment either leased or owned by the city.

*Loss*. Means an amount which a plan member is legally obligated to pay resulting from an act or omission of the plan member which is covered under this plan.

*Plan*. Means the City of Kirbyville public officials and employees indemnification for tort liability and legal defense plan.

*Plan Member*. Means a person who is:

    (1)    an employee of the city;

    (2)    a member of a city board, commission, or committee created by charter, ordinance, or resolution of the city;

    (3)    a member of the city council;

    (4)    a volunteer who is working under the direction of an employee of the city, with approval of the city administrator or department head; or

    (5)    any other individual who is deemed by law to be an officer of the city.

*Indemnification*. Means providing security against damages, and exemption from incurred liabilities.

### Sec. 8.702    Coverage

(a)    The city shall indemnify and defend a plan member, in accordance with the terms of this plan, against a loss arising out of any claim, suit, settlement, or judgment arising from an act or omission of the plan member during the discharge of his duties and within the course and scope of his office, employment, or assigned volunteer work with the city.

(b)    A plan member whose position with the city terminates is entitled to coverage in accordance with this plan for any event that occurred which the person was a plan member.

### Sec. 8.703   Defense

(a)    The city will defend any suit against a plan member who is covered under this plan, even if the suit is groundless or fraudulent.

(b)    The city may investigate, negotiate, compromise and settle any claim or suit as the city in its sole determination deems necessary.

### Sec. 8.704   Limits of Coverage

(a)    The city will pay losses covered by this plan that a plan member is legally obligated to pay; except that in cases arising from incidents, occurrences, or omissions where the city's liability exists by virtue of the Texas Tort Claims Act, whether or not the city is a party defendant, the city will pay those losses covered by this plan that a plan member is obligated to pay up to but not exceeding the limits of liability provided by the Act, as amended, for units of local government.

(b)    In addition to the coverage provided in paragraph (a), the city will pay:

    (1)    the city's expenses in investigation and defending the claim or lawsuit;

    (2)    costs taxed against a plan member in a suit covered by this plan and interest that accrues after entry of judgment before the city has deposited payment with the court on that part of the judgment which does not exceed the limits of coverage;

    (3)    reasonable expenses of the plan member incurred at the city's request; and

    (4)    attorney's fees ordered by the court to be paid by the plan member.

### Sec. 8.705   Notice of Occurrence, Claim, or Suit, Cooperation

Failure of a plan member to comply in full with this section shall waive such plan member's right to benefits under this plan. To be entitled to coverage under the plan, a plan member must:

    (1)    notify in writing the city attorney as soon as practicable upon receipt of written notice of a claim or lawsuit, but no later than three (3) working days after receipt by the plan member;

(2) cooperate with the city attorney and , upon the city attorney's request, assist in making compromises and settlements, assist in the conduct of suits, and assist in enforcing any right of contribution or indemnity against a person or organization who may be liable to the city because of injury or damage covered under the plan;

(3) attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses;

(4) not, except upon advice of the city attorney or when questioned by a police officer at the scene of an accident, give any oral or written statement or enter any stipulation or agreement concerning a claim or lawsuit;

(5) not, except at his own cost, voluntarily make any payment, assume any obligation, or incur any expense with respect to a claim or lawsuit without the prior express consent of the city.

### Sec. 8.706  Plan Period

This plan covers only acts or omissions occurring or alleged to have occurred:

(1) while the plan is in effect;

(2) before the plan was in effect and legal claims for which are not barred by any applicable statute of limitations; and

(3) if the plan is canceled or terminated, while the plan is in effect and legal claims for which are not barred by any applicable statute of limitations.

### Sec. 8.707  Exclusions

Coverage under this plan does not apply to claim or lawsuit that is brought against a plan member:

(1) by the city;

(2) arising out of the intentional or knowing violation of a penal statute or ordinance committed by or with the knowledge or consent of the plan member, or any claim arising out of acts of fraud committed by or at the direction of the plan member with intent to deceive or defraud, or any claim arising out of act or omissions of the plan member not taken in good faith;

(3) arising either while the plan member is operating a city vehicle with no authority to operate the vehicle, or while the plan member is operating a city vehicle in the course of personal or private business;

(4)   for liability assumed by the plan member under a contract, unless the contract is entered into at the prior request of the city; and

(5)   if the plan member joins or attempts to join with the suit against the plan member in a claim against the city for benefits under this plan;

(6)   if the plan member files a claim, lawsuit, or counterclaim against the city;

(7)   if the plan member fails to comply with Section 8.705 of this plan; or

(8)   for any claim or lawsuit for punitive damages; nothing in this plan shall be construed to require the city to indemnify a plan member for an award of punitive damages.

### Sec. 8.708    Subrogation

If payment or legal representation is provided under this plan, the city is subrogated to the plan member's rights of recovery against any person or organization to the extent of the city's liability and payments, and the plan member must execute and deliver to the city attorney whatever documents are necessary to secure those rights. The plan member must not engage in any act or omission of do anything after a loss to prejudice those rights. The city has the superior right of claim of subrogation as against a personal insurer of the plan member.

### Sec. 8.709    Legal Representation

(a)    The city will provide legal representation for a plan member in a claim or suit in which the plan member is covered under this plan.

(b)    If in the sole discretion of the city attorney it is determined that there is a conflict of interest for the city attorney in representing a plan member, and the plan member is otherwise entitled to coverage under this plan, the city will pay the reasonable fees of a private attorney to represent the plan member. The private attorney will be selected by mutual agreement of the plan member and the city attorney, subject to approval by the city council. If the plan member and the city attorney are unable to agree upon a private attorney, the city administrator shall designate the private attorney, subject to approval by the city council.

### Sec. 8.710    Determination of Coverage

If the city denies coverage to a plan member, the plan member may seek a determination of coverage by a court of proper jurisdiction in Jasper County, Texas. If the court rules in favor of the plan member, the city shall provided the plan member all benefits under the plan and shall reimburse the plan member for reasonable attorneys fees, expense and costs incurred in obtaining the determination of coverage.

### Sec. 8.711   No Creation of Cause of Action

Nothing contained in this plan shall be construed as creating a right or cause of action against a plan member nor as giving a right to a third party to institute or maintain a suit which would not otherwise exist under law as a legal claim against a plan member.

### Sec. 8.712   Retroactivity

Nothing contained in this plan shall be construed as creating a right to benefits under the plan prior to the effective date contained in the ordinance adopted by the city council of the City of Kirbyville, Texas, which approved and implemented the plan.

(Ordinance 270 adopted 3/10/92)

## ARTICLE 8.800  TEXAS MUNICIPAL RETIREMENT SYSTEM*

### Sec. 8.801   Election of Coverage

The city council of the City of Kirbyville, Texas, on behalf of said city, hereby exercises its option and elects to have the city and all or the employees of all departments new existing and those hereafter created participate in the Texas Municipal Retirement System as provided in the TMRS Act. (1980 Code of Ordinances, Chapter 14, Section 14-21)

### Sec. 8.802   Notice to Board of Trustees

The city mayor is hereby directed to notify the board of trustees of the Texas Municipal Retirement System that the city has elected to participate and have the employees of the city covered in said system. (1980 Code of Ordinances, Chapter 14, Section 14-22)

### Sec. 8.803   Addition of Employees

Each person less than sixty (60) years of age (or who was less than sixty (60) years of age when that person became an employee of the city) who becomes an employee of any participating department on or after the effective date of participation of such department shall become a member of the Texas Municipal Retirement System as a condition of his or her employment. (1980 Code of Ordinances, Chapter 14, Section 14-23)

### Sec. 8.804   Deposit Rate

In accordance with the provisions of the TMRS Act, the deposits to be made to the Texas Municipal Retirement System on account of current service of the employees of the several participating departments are hereby fixed at the rate of five (5) percent of the full

---

* State Law reference–Texas Municipal Retirement System, generally, V.T.C.A., Government Code, Chapter 851.

earnings of each employee of said departments. (1980 Code of Ordinances, Chapter 14, Section 14-24)

## Sec. 8.805   Prior Service Credit

Each employee who qualifies for such credit shall be allowed prior service credit (as defined in Section 63.101 of the TMRS Act) at the rate of one hundred (100) percent of the base credit of such member, calculated in the manner prescribed in Section 63.105 of said Act. (1980 Code of Ordinances, Chapter 14, Section 14-25)

## Sec. 8.806   Amount of Contributions by City

For each month of current service rendered to this city by each of its employees who are members of Texas Municipal Retirement System, the city will contribute to the current service annuity reserve of each such member at the time of his or her retirement, a sum that is one hundred (100) percent of such member's accumulated deposits for such month of employment; and said sum shall be contributed from the city's account in the municipality accumulation fund. (1980 Code of Ordinances, Chapter 14, Section 14-26)

## Sec. 8.807   Remittance of City Contributions; Certification of Service

The city secretary is hereby directed to remit to the board of trustees of the Texas Municipal Retirement System, at is office in Austin, Texas, the city contributions to the system and the amounts which shall be deducted from the compensation or payroll of employees, all as required by said board under the provisions of the TMRS Act, and the said official is hereby authorized and directed to ascertain and certify officially on behalf of this city the prior service rendered to the said municipality by each of the employees of the participating departments, and the average prior service compensation received by each, and to make and execute all prior service certifications and all other reports and certifications which may be required of the city under the provisions of the TMRS Act, or in compliance with the rules and regulations of the board of trustees of the Texas Municipal Retirement System. (1980 Code of Ordinances, Chapter 14, Section 14-27)

## Sec. 8.808   Supplemental Disability Benefits Fund

(a)   The City of Kirbyville, Texas, by its city council, hereby elects to have the employees of all participating departments of said city (as above defined) participate in and be covered by the supplemental disability benefits fund of the Texas Municipal Retirement System, as provided by Sections 62.003, 64.401 through 64.404, 65.313, and 65.408 of Title 110B, Revised Civil Statutes of Texas, 1925, as amended; and all of the benefits and obligations of participation in said fund are hereby accepted by the city as to such employees.

(b)   The city mayor is hereby directed to notify the Board of Trustees of the Texas Municipal Retirement System that the City of Kirbyville, Texas has elected to participate

and have the employees of the above mentioned departments participate in the supplemental disability benefits fund of said system.

(c)     Each person who becomes an employee of any participating department on or after the effective date of participation of such department in said fund shall as a condition of his employment be covered into the supplemental disability benefits fund of said system. The City of Kirbyville, Texas, may in the future refuse to add new departments or new employees to said fund, but shall never discontinue as to any members who are covered into the fund.

(d)     The city secretary is hereby directed to remit monthly to the Board of Trustees of the Texas Municipal Retirement System at its office in Austin, Texas, as the city's contributions to the supplemental disability benefits fund of the Texas Municipal Retirement System, such percentage of earnings of the above mentioned employees of said city as may be fixed by the Board of Trustees of the Texas Municipal Retirement System, provided that the rate of contribution to said fund shall not exceed one-half of one percentum of the earnings of the employees of said city who are covered under said fund; and such official shall make for the city such reports as the Board of Trustees of the Texas Municipal Retirement System may prescribe.

(1980 Code of Ordinances, Chapter 14, Section 14-28)

## Sec. 8.809     Supplemental Death Benefits Fund

(a)     The City of Kirbyville hereby elects to participate in the supplemental death benefits fund of the Texas Municipal Retirement System for the purpose of providing in-service death benefits for each of the city's employees who are members of said system, and for the purpose of providing post-retirement death benefits for annuitants whose last covered employment was as an employee of the city, in the amounts and on the terms provided for in Sections 62.004, 64.601 through 64.605, 65.314, 65.409, and 65.502 of Title 110B, Revised Civil Statutes of Texas, 1925, as amended.

(b)     The City of Kirbyville is hereby authorized and directed to notify the director of the system of adoption of this article, and of the participation of the city in said fund.

(1980 Code of Ordinances, Chapter 14, Section 14-29)

## Sec. 8.810     Redepositing of Funds Withdrawn at Termination of Previous Membership

Pursuant to Section 63.003 of Subtitle G of Title 110B, Revised Civil Statutes of Texas, 1925, as amended, the City of Kirbyville hereby elects to allow any member of Texas Municipal Retirement System who is an employee of this city on the first day of February, 1983, who has terminated a previous membership in said system by withdrawal of deposits while absent from service, but who has at least twenty-four (24) months of

credited service as an employee of this city since resuming membership to deposit with the system in a lump sum the amount withdrawn, plus a withdrawal charge of five (5) percent of such amount for each year from date of such withdrawal to date of redeposit, and thereupon such member shall be allowed credit for all service to which the member had been entitled at date of termination of the earlier membership, with like effect as if all such service had been rendered as an employee of the city, whether so rendered or not. The City of Kirbyville agrees to underwrite and hereby assumes the obligations arising out of the granting of all such credits, and agrees that all such obligations and reserves required to provide such credits shall be charged to this city's account in the municipality of accumulation fund. The five (5) percent per annum withdrawal charge paid by the member shall be deposited to the credit of the city's account in said municipality accumulation fund; and the deposits of the amount previously withdrawn by the member shall be credited to his or her individual account in the employees saving fund of the system. (1980 Code of Ordinances, Chapter 14, Section 14-30)

### Sec. 8.811   Updated Service Credits–1989

(a)   On the terms and conditions set out in Sections 63.401 through 63.403 of Title 110B, Revised Civil Statutes of Texas, 1925, as amended, each member of the Texas Municipal Retirement System who has current service credit or prior service credit in said system in force and effect on the 1st day of January, 1988, by reason of service in the employment of the City of Kirbyville, and on such date has at least 36 months of credited service with said system, shall be and is hereby allowed "Updated Service Credit" (as that term is defined in subsection (d) of Section 63.402 of said title) in an amount that is 100% of the "base Updated service credit" of the member (calculated as provided in subsection (c) of Section 63.402 of said title). The updated service credit hereby allowed shall replace any updated service credit, prior service credit, special prior service credit, or antecedent service credit previously authorized for part of the same service.

(b)   In accordance with the provisions of subsection (d) of Section 63.401 of said title, the deposits required to be made to the Texas Municipal Retirement System by employees of the several participating departments on account of current service shall be calculated from and after the date aforesaid on the full amount of such person's earnings as an employee of the city.

(c)   Subject to approval by the Board of Trustees of Texas Municipal Retirement System, the updated service credits granted hereby shall be and become effective on the 1st day of January, 1989.

(Ordinance 248 adopted 11/8/88)

### Sec. 8.812   Increase in Retirement Annuities–1989

(a)   On terms and conditions set out in Section 64.203 of Title 110B, Revised Civil Statutes of Texas, 1925, as amended, the City of Kirbyville hereby elects to allow and to provide for payment of the increases below stated in monthly benefits payable by the Texas Municipal Retirement System to retired employees and to beneficiaries of deceased employees of this city under current service annuities and prior service annuities arising from service by such employees to this city. An annuity increased under this section replaces any annuity or increased annuity previously granted to the same person.

(b)   The amount of annuity increase under this section is computed as the sum of the prior and current service annuities on the effective date of retirement of the person on whose service the annuities are based, multiplied by seventy percent (70%) of the percentage change in Consumer Price Index for All Urban Consumers, from December of the year immediately preceding the effective date of the person's retirement to the December that is 13 months before the effective date of this article.

(c)   An increase in an annuity that was reduced because of an option selection is reducible in the same proportion and in the same manner that the original annuity was reduced.

(d)   If a computation hereunder does not result in an increase in the amount of an annuity, the amount of the annuity will not be changed hereby.

(e)   The amount by which an increase under this section exceeds all previously granted increases to an annuitant is an obligation of this city and of its account in the municipality accumulation fund of the Texas Municipal Retirement System.

(f)   Subject to approval by the Board of Trustees of Texas Municipal Retirement System, the increases in retirement annuities granted hereby shall be and become effective on the 1st day of January, 1989.

(Ordinance 248 adopted 11/8/88)

### Sec. 8.813   Updated Service Credits–1992

(a)   On the terms and conditions set out in Sections 853.401 through 853.404 of Subtitle G of Title 8, V.T.C.A., Government Code, as amended (hereinafter referred to as the "TMRS ACT"), each member of the Texas Municipal Retirement System (hereinafter referred to as the "System") who has current service credit or prior service credit in the System in force and effect on the 1st day of January of the calendar year preceding such allowance, by reason of service in the employment of the City of Kirbyville (hereinafter called "city"), and on such date had at least 36 months of credited service with the

System, shall be and is hereby allowed "updated service credit" (as that term is defined in subsection (d) of Section 853.402 of the TMRS Act).

(b)   The Updated service credit hereby allowed and provided for shall be 100% of the "base Updated service credit" of the member (calculated as provided in subsection (c) of Section 853.402 of the TMRS Act). If the city has previously adopted, or if it hereafter adopts an ordinance authorizing updated service credit for unforfeited credit for prior service or current service with any other participating municipality, the calculations and adjustments set forth in Section 853.601 of the TMRS Act shall apply to any such transferred service.

(c)   Each Updated service credit allowed hereunder shall replace any updated service credit, prior service credit, special prior service credit, or antecedent service credit previously authorized for part of the same service.

(d)   In accordance with the provisions of subsection (d) of Section 853.401 of the TMRS Act, the deposits required to be made to the system by employees of the several participating departments on account of current service shall be calculated from and after the effective date of this article on the full amount of such person's compensation as an employee of the city.

(e)   The initial allowance of updated service credit and increase in retirement annuities hereunder shall be effective on January 1, 1992, subject to approval by the board of trustees of the system. An allowance of updated service credits and an increase in retirement annuities shall be made hereunder on January 1 of each subsequent year until this article ceases to be in effect under subsection (e) of Section 853.404 of the TMRS Act, provided that, as to such subsequent year, the actuary for the system has made the determination set forth in subsection (d) of Section 853.404 of the TMRS Act.

(Ordinance 265 adopted 11/12/91)

### Sec. 8.814   Increase in Retirement Annuities–1992

(a)   On terms and conditions set out in Section 854.203 of the TMRS Act, the city hereby elects to allow and to provide for payment of the increases below stated in monthly benefits payable by the system to retired employees and to beneficiaries of deceased employees of the city under current service annuities and prior service annuities arising from service by such employees to the city. An annuity increased under this section replaces any annuity or increased annuity previously granted to the same person.

(b)   The amount of the annuity increase under this section is computed as the sum of the prior service and current service annuities on the effective date of retirement of the person on whose service the annuities are based, multiplied by seventy (70%) of the percentage change in Consumer Price Index for All Urban Consumers, from December of the year

immediately preceding the effective date of the person's retirement to the December that is thirteen (13) months before the effective date of this section.

(c)   An increase in an annuity that was reduced because of an option selection is reducible in the same proportion and in the same manner that the original annuity was reduced.

(d)   If a computation hereunder does not result in an increase in the amount of an annuity, the amount of the annuity will not be changed hereunder.

(e)   The amount by which an increase under this section exceeds all previously granted increases to an annuitant is an obligation of the city and of its account in the municipality accumulation fund of the system.

(f)   The initial allowance of updated service credit and increase in retirement annuities hereunder shall be effective on January 1, 1992, subject to approval by the board of trustees of the system. An allowance of updated service credits and an increase in retirement annuities shall be made hereunder on January 1 of each subsequent year until this article ceases to be in effect under subsection (e) of Section 853.404 of the TMRS Act, provided that, as to such subsequent year, the actuary for the system has made the determination set forth in subsection (d) of Section 853.404 of the TMRS Act.

(Ordinance 265 adopted 11/12/91)

### Sec. 8.815   Restricted Prior Service Credit

(a)   On the terms and conditions set out in Section 853.305 of Subtitle G of Title 8, V.T.C.A., Government Code, as amended (hereinafter referred to as the "TMRS Act"), each member of the Texas Municipal Retirement System (hereinafter referred to as the "System") who is now or who hereafter becomes an employee of this city shall receive restricted prior service credit for service previously performed as an employee of any incorporated city or town in this state and for which the person has not otherwise received credited service in the system. The service credit hereby granted may be used only to satisfy length-of-service requirements for retirement eligibility, has no monetary value in computing the annuity payments allowable to the member, and may not be used in other computations, including computation of updated service credits.

(b)   A member seeking to establish restricted prior credit under this article must take the action required under said Section 853.305 while still an employee of this city.

(Ordinance 266 adopted 11/12/91)

### Sec. 8.816    Additional Rights, Credits and Benefits

(a)    Pursuant to the provisions of Sections 64.202(f), 64.204, 64.405, 64.406, and 64.410 of Subtitle G of Title 110B, Revised Civil Statutes of Texas, 1925, as amended by the 70th Legislature of the State of Texas, Regular Session, which Subtitle shall herein be referred to as the "TMRS Act," the City of Kirbyville, Texas, adopts the following provisions affecting participation of its employees in the Texas Municipal Retirement System (which retirement system shall herein be referred to as the "System"):

(1)    Any employee of this city who is a member of the system is eligible to retire and receive a service retirement annuity, if the member has at least twenty-five (25) years of credited service in that system performed for one or more municipalities that have participation dates after September 1, 1987, or have adopted a like provision under Section 64.202(f) of the TMRS Act.

(2)    If a "vested member," as that term is defined in Section 64.204(b) of the TMRS Act, shall die before becoming eligible for service retirement and leaves surviving a lawful spouse whom the member has designated as beneficiary entitled to payment of the member's accumulated contributions in event of the member's death before retirement, the surviving spouse may by written notice filed with the system elect to leave the accumulated deposits on deposit with the system subject to the terms and conditions of said Section 64.204(b). If the accumulated deposits have not been withdrawn before such time as the member, if living, would have become entitled to service retirement, the surviving spouse may elect to receive, in lieu of the accumulated deposits, an annuity payable monthly thereafter during the lifetime of the surviving spouse in such amount as would have been payable had the member lived and retired at that date under a joint and survivor annuity (Option 1) payable during the lifetime of the member and continuing thereafter during the lifetime of the surviving spouse.

(3)    At any time before payment of the first monthly benefit of an annuity, a surviving spouse to whom subsection (2) applies may, upon written application filed with the system, receive payment of the accumulated contributions standing to the account of the member in lieu of any benefits otherwise payable under this section. In the event such a surviving spouse shall die before payment of the first monthly benefit of an annuity allowed under this section, the accumulated contributions credited to the account of the member shall be paid to the estate of such spouse.

(4)    The rights, credits and benefits hereinabove authorized shall be in addition to the plan provisions heretofore adopted and in force at the effective date of this article pursuant to the TMRS Act.

(5) Any employee of this city who is a member of the system is eligible to retire and receive a "standard occupational disability annuity" under Section 64.408 of the TMRS Act or an "optional occupational disability retirement annuity" under Section 64.410 of the TMRS Act upon making application therefor upon such form and in such manner as may be prescribed by the board of trustees of the system, provided that the system's medical board has certified to said board of trustees: (1) that the member is physically or mentally disabled for further performance of the duties of the member's employment; (2) that the disability is likely to be permanent; and (3) that the member should be retired. Any annuity granted under this subsection shall be subject to the provisions of Section 64.409 of the TMRS Act.

(6) The provisions relating to the occupational disability program as set forth in section (5) above are in lieu of the disability program heretofore provided for under Sections 64.301 to 64.308 of the TMRS Act.

(b) This article shall become effective on the first day of January, 1989, provided that it has previously been determined by the actuary for the system that all obligations of the city to the municipality accumulation fund, including obligations hereby undertaken, can be funded by the city within its maximum contribution rate and within its amortization period.

(Ordinance 249 adopted 11/8/88)